UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET MARCELUS BENS,

       Plaintiff,

    v.                      Case No.:  2:25-cv-00602-JES-DNF

BRYTEN REAL ESTATE PARTNERS,
LLC, and COLLIER COUNTY
HOUSING AUTHORITY,

       Defendants,

_____

## OPINION AND ORDER

This matter comes before the Court on review of Bryten Real Estate Partners, LLC's (Bryten) motion to dismiss (Doc. #36) filed on September 17, 2025, and Collier County Housing Authority's (Housing Authority) motion to dismiss (Doc. #37) filed on September 18, 2025. Pro Se Plaintiff Margaret Marcelus Bens (Bens) filed four Responses in Opposition. (Docs. ## 39, 40, 43, 50.)[1] For the reasons set forth below, Bryten's motion is granted in part and denied in part and the Housing Authority's motion is granted.[2]

_____

[1] Since a party may file only one "legal memorandum no longer than twenty pages inclusive of all parts," M.D. Fla. R. 3.01(b), the excess Responses in Opposition (Docs. #43, 50) are improper, stricken, and not considered. Embedded within these stricken responses are various improper requests. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Bens is warned that she must adhere to the local rules and the Federal Rules of Civil Procedure. Ongoing violations will subject Bens to sanctions.
[2] Separately, Bens requests the Court take judicial notice of certain state court filings and of a ledger alleged to be authored

**I.**

The operative complaint (Doc. #14) alleges the following: Bens is a black woman and Section 8 tenant. (Id. ¶ 5.) Using a Section 8 voucher, she moved into an apartment complex managed by Bryten. (Id. ¶¶ 6, 9.) In August 2024, someone called Naty Montes "falsely claimed [Bens] owed $5,911," even though ledgers from the Housing Authority "showed rent was fully paid" from May to August 2024. (Id. ¶¶ 11-12.) Bens "received multiple 3-day notices with varying and inflated amounts" during the next three months. (Id. ¶ 13.) Bills from someone or something called "[c]onservice" showed "manipulated rent and voucher amounts." (Id. ¶ 14.)

In October 2024, an eviction action was filed against Bens, alleging she owed $6,642.32. (Id. ¶ 15.) In court, Bryten "accepted keys" without making an argument about rent. (Id. ¶ 16.) Bens' "credit was falsely reported with $8,907 debt." (Id. ¶ 17.) In January 2025, someone named Nicole Martinez "admitted the case was still open." (Id. ¶ 18.) "A similarly situated tenant was treated more favorably." (Id. ¶ 20.) An attorney named Elizabeth Rivera "swore falsely to enforce rent under § 86.60." (Id. ¶ 21.) Bens

---

by the Housing Authority, (Doc. #52), and Bryten requests oral argument on its motion. (Doc. #54.) The judicial notice request is denied because Bens failed to attach the state court filings to her motion and because the ledger is neither generally known or its source unquestioned. Bryant v. Ford, 967 F.3d 1272, 1275 (11th Cir. 2020). The oral argument request is denied since it was not necessary to resolve the motion.

was forced to relocate over Thanksgiving weekend, denied work due to credit harm, experienced hair loss, weight gain, and emotional distress from trauma. (Id. ¶¶ 22-23.) In addition, her daughter withdrew from college and now suffers from anxiety and housing insecurity. (Id. ¶ 24.)

After making these assertions, the Complaint baldly raises five claims as follows, without more:

> Count I: Housing Discrimination (42 U.S.C. § 3604)
>
> Count II: Retaliation (42 U.S.C. § 3617)
>
> Count III: Equal Protection Violation (42 U.S.C. § 1983)
>
> Count IV: FCRA Violation (15 U.S.C. § 1681s-2(b))
>
> Count V: Defamation and Abuse of Process

(Id. at p. 3.) Bens seeks compensatory damages, punitive damages, and injunctive relief to clear Plaintiff's credit and rental record. (Id.)

Both Bryten and the Housing Authority move to dismiss under shotgun pleading and failure to state a claim grounds. But Bryten also moves to dismiss under Rule 12(b)(1), arguing the Rooker-Feldman doctrine deprives this Court of subject-matter jurisdiction. Since Rooker-Feldman threatens this Court's jurisdiction—its very power to hear the case—that issue will be addressed first.

**II.**

The "Rooker-Feldman [doctrine] raises a question about our subject matter jurisdiction, an issue we are always obliged to examine." Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1284 (11th Cir. 2018).[3] A relatively recent Supreme Court decision changed how the Circuit applies the doctrine. Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)(citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005)). Exxon Mobil "clarified the scope of the Rooker-Feldman doctrine by returning it to its roots, the facts of the Rooker and Feldman cases." Behr v. Campbell, 8 F.4th 1206, 1210 (11th Cir. 2021)(quoting Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009)). "In response, we abandoned the four-factor test that had previously guided this Circuit's application of Rooker-Feldman." Id. "We chose instead to 'adhere to the language in Exxon Mobil, delineating the boundaries of the Rooker-Feldman doctrine.'" Id. (quoting Nicholson at 1274).

---

[3] "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)(citing McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1250 (11th Cir. 2007)). When, as here, the movants do "not present any outside evidence challenging the facts underlying [Plaintiff]'s complaint, the difference is largely academic" and the Court "need not decide" under which to proceed. Efron v. Candelario, 110 F.4th 1229, 1234 n.5 (11th Cir. 2024), cert. denied, 145 S. Ct. 1958, 221 L. Ed. 2d 738 (2025).

Courts now "should follow a claim-by-claim approach" asking one question: "[W]hether the [claim] has been 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Efron, 110 F.4th at 1235-36 (quoting Target, 881 F.3d at 1285). Taken in parts, the reviewing court first asks whether "the party against whom the doctrine is invoked" was the losing "party to the underlying state-court proceeding." Lance v. Dennis, 546 U.S. 459, 464 (2006). If so, the reviewing court next asks "whether the substance—if not the form—of a plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment." Efron, 110 F.4th at 1238 (quoting Behr, 8 F.4th at 1211). If "a plaintiff's claim requires a federal district court to review and reject a state court decision," then Rooker-Feldman bars plaintiff's claim, regardless of how he styles it. Id. at 1236 n. 7.

"That, though, is as far as Rooker-Feldman goes." Behr, 8 F.4th at 1210. Because Rooker-Feldman is so "limited" and "narrow", it "will almost never apply." Efron, 110 F.4th at 1235 (quoting Behr, 8 F.4th at 1211-12). "It does not prevent a 'district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" Id. (quoting Nicholson, 558 F.3d at 1274). "Nor

5

does Rooker-Feldman 'block claims that require some reconsideration of a decision of a state court if the plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Id. (quoting Behr, 8 F.4th at 1212)(citation modified). See also Mignott v. State Bar of Georgia Found., Inc., 146 F.4th 1095, 1098 (11th Cir. 2025).

Bryten points to three state proceedings and none deprive this Court of jurisdiction under the Rooker-Feldman doctrine. The first state proceeding is the eviction action, between Bens and the owner of the apartment complex, who is not a named defendant here. That matter was eventually settled, with Bens surrendering possession of the property and the owner retaining the ability to pursue any unpaid rent. In the second state proceeding, Bens sued Bryten, alleging claims of emotional distress and credit damages. Bens eventually voluntarily dismissed those claims without prejudice. In the third state proceeding, Bens sued Bryten for wrongful eviction, defamation, discrimination under the Fair Housing Act, violation of the Fair Credit Reporting Act, and emotional distress. Bens again voluntarily dismissed.

Regardless of whether Bens was actually the "state court loser", an issue Bryten largely sidesteps, Rooker-Feldman still fails to apply because none of the claims here require the Court to examine a state court judgment. At most, Bens seeks damages and

6

injunctive relief as it relates to her credit and rental records. She alleges inter alia that the rent amounts were "manipulated," debt was "falsely" reported, and hints that it all might have been done because she is a black woman. To determine whether rent amounts were manipulated, falsely reported, or whether discrimination occurred, the Court need not look at any state court judgments—if any even exist. Because Bens "seeks damages for some independent source of injury," the Rooker-Feldman doctrine does not apply. Efron, 110 F.4th at 1235.

The point is driven home in Behr. There, it was similarly alleged that defendants' "use of falsified . . . information as a basis for the [state court] proceedings and decisions" injured the plaintiff. Id., 8 F.4th at 1213. The Eleventh Circuit held that alleged injuries "during the proceedings and whether [a plaintiff] [is] entitled to damages for those [injuries] . . . . [f]alls outside Rooker-Feldman's boundaries." Id. That holding applies here, where Bens alleges that she suffered damages because falsified rent amounts were used in the eviction proceeding.

Bryten errs in its belief that because Bens' claims "were previously adjudicated by Florida state courts," then "this Court is thereby deprived of jurisdiction over this matter by virtue of the Rooker-Feldman doctrine." (Doc. #36, p. 8.) Even if Bens "attempts to litigate in federal court a matter previously litigated in state court" or "denies a legal conclusion that a

state court has reached," Rooker-Feldman does not impede such action. Efron, 110 F.4th at 1235. "To be sure, other doctrines of preclusion, abstention, or comity may still bar a plaintiff's claims—but they are separate and distinct from Rooker-Feldman's jurisdictional prohibition on appellate review of state court decisions in federal district courts." Behr, 8 F.4th at 1210 (citing Exxon Mobil, 544 U.S. at 292). Defendants' Rule 12(b)(1) motion is denied.

### III.

The parties next dispute whether the pleading is shotgun and whether it fails to state a claim.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

8

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007). "Legal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Shotgun pleadings violate Rule 8(a)(2)'s "short and plain statement" requirement by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). See also Muscogee (Creek) Nation v. Rollin, 119 F.4th 881, 888 (11th Cir. 2024); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291,

1294–95 (11th Cir. 2018). Four main types of shotgun pleadings exist. <u>Weiland</u>, 792 F.3d at 1321.

This Complaint is an obvious shotgun pleading in all four ways. By grouping all the alleged facts in one section, and all the claims for relief in a separate section, without identifying what facts are pertinent to what claims, the Complaint essentially "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> (footnote omitted). Next, the Complaint "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> (footnote omitted). For example, alleging random people did certain actions, such as Naty Montes and Nicole Martinez, neither of whom are named defendants nor alleged to be tied to any defendants, amounts to pleading immaterial and vague facts. So too for the allegation that someone indicated a "case was still open," without alleging what case. That "bills reflected manipulated rent and voucher amounts," without more, is vague and conclusory. The assertion that "similarly situated tenant was treated more favorably," without more, is defective for the same reasons.

By alleging both defamation and abuse of process in Count V, the Complaint "commits the sin of not separating into a different

10

count each cause of action or claim for relief." <u>Id.</u> And fourth, the Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Id.</u>

As presented, it is impossible to identify any claim. The only fact alleged as to the Housing Authority is that it has ledgers showing rent was paid for certain months. (Doc. #14, ¶ 12.) That lone fact comes nowhere near stating any claim. The Responses in Opposition assert new facts. (<u>See</u> Docs. ##39, 40.) However, a plaintiff cannot amend her complaint or survive a motion to dismiss by asserting new facts in her responses in opposition, whether pro se or not. <u>Allen v. St. John</u>, 827 F. App'x 1002, 1007 n.7 (11th Cir. 2020).[4] Bens will be afforded an opportunity to cure the defective pleading.[5]

---

[4] Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." <u>Bonilla v. Baker Concrete Const., Inc.</u>, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[5] When amending, Bens should adhere by the requirements of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Unrepresented litigants are not exempt from complying with the Federal Rules of

Accordingly, it is now

**ORDERED:**

1. Bryten's motion to dismiss (Doc. #36) is **GRANTED IN PART AND DENIED IN PART.**

2. The Housing Authority's motion to dismiss (Doc. #37) is **GRANTED.**

3. Bens' motion for judicial notice (Doc. #52) is **DENIED.**

4. The Complaint (Doc. #14) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. Failure to do so may result in closure of the case without further notice. Any forthcoming complaint must be cured of all defects identified herein.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of October 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). For additional resources and assistance, Bens may wish to review the form complaints available on the Court's website, for example: https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.