UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET MARCELUS BENS,

      Plaintiff,

v.                                    Case No: 2:25-cv-00602-JES-DNF

BRYTEN REAL ESTATE PARTNERS,
LLC, and COLLIER COUNTY
HOUSING AUTHORITY,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on consideration of three motions. First, Collier County Housing Authority's Motion to Dismiss Plaintiff's New Amended Complaint (Doc. #70) filed on November 13, 2025. Second, Bryten Real Estate Partners, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #73) filed on November 13, 2025. Third, Defendants' Joint Motion for Judicial Notice of State Court Order, to Declare Plaintiff a Vexatious Litigant, and for Ruling on Pending Motions to Dismiss (Doc. #113) filed on February 9, 2026.

On January 20, 2026, Plaintiff filed her Second Amended Complaint (Doc. #95). Since this is currently the operative pleading, both motions to dismiss filed by Defendants (Docs. ##70, 73) will be denied as moot.

This Court is confident that the State Civil Contempt Order prohibiting Plaintiff "from emailing or otherwise communicating"

with Defendants or Defendants' counsel was not intended to apply to this federal case.  See Donovan v. City of Dallas, 377 U.S. 408, 412-13 (1964)(explaining that state courts are without power to restrain federal-court proceedings in in personam actions); General Atomic Co. v. Felter, 434 U.S. 12, 16-17 (1977)(stating the same).  The parties must comply with Local Rule 3.01(g) unless this Court enters an order to the contrary.  Therefore, Defendants' joint motion will be denied for failure to confer with Plaintiff.

A district court may sua sponte identify and dismiss a "shotgun" complaint.  See Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014).  Upon reviewing the Third Amended Complaint, it is clear to the Court that such complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015).  For example, the allegation that "Defendants imposed charges after the court order without disclosure or authorization" fails to provide any information regarding the alleged court order nor does it provide any allegation of amounts charged.  While the Plaintiff previously provided additional facts in her previous iterations of her complaint, the Court can only look to the operative pleading in determining whether the Plaintiff has stated a claim.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Therefore, the Plaintiff

will be provided one final opportunity to amend her complaint—given that she has already been provided three chances already.

Accordingly, it is now

ORDERED:

(1) Collier County Housing Authority's Motion to Dismiss Plaintiff's New Amended Complaint (Doc. #70) is **DENIED AS MOOT.**

(2) Bryten Real Estate Partners, LLC's Motion to Dismiss Amended Complaint (Doc. #73) is **DENIED AS MOOT.**

(3) Defendants' Joint Motion for Judicial Notice of State Court Order, to Declare Plaintiff a Vexatious Litigant, and for Ruling on Pending Motions to Dismiss (Doc. #113) is **DENIED** without prejudice.

(4) Plaintiff's Third Amended Complaint (Doc. #95) is **DISMISSED** without prejudice.  Plaintiff may file a Fourth Amended Complaint within fourteen days of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of February, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record