UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET MARCELUS BENS,

     Plaintiff,

v.                     Case No:  2:25-cv-00602-JES-DNF

BRYTEN REAL ESTATE PARTNERS,
LLC, and COLLIER COUNTY
HOUSING AUTHORITY,

     Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Defendants' (Second) Joint Motion for Judicial Notice of State Court Order and to Declare Plaintiff a Vexatious Litigant (Doc. #116) filed on February 11, 2026.  Plaintiff filed an Objection (Doc. #119) and Response in Opposition (Doc. #120) on February 13, 2026.  For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**A.   The Court Takes Judicial Notice of the Orders**

Defendant seeks to have the Court take judicial notice of the Order of Civil Contempt filed in Collier County Circuit Court Case Number 2025-CC-001388.  (Doc. #116, p. 6.)  Plaintiff does not dispute the factual findings or legal characterizations of the document, however, argues that the Court may only "take judicial

notice of the existence of state court proceedings[.]" (Doc. #120, p. 1.)  Further, Plaintiff argues that the state court findings relate to "post-judgment enforcement matters" and do not relate to "Plaintiff's federal credit-reporting claims."  (Id.)

A court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  See Fed. R. Evid. 201(b).  "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite."  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).  "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'"  Id. (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992)).

The Court will take judicial notice of the existence of the Order of Civil Contempt (Doc. #116-1) since the filing is verifiable through court dockets and record.  However, the Court declines to take judicial notice of its contents as established fact — i.e., Plaintiff is a vexatious litigant.

###### B.    Plaintiff Is Not A Vexatious Litigant

Defendants also seek to declare Plaintiff as a vexatious litigant and impose restrictions on her litigation activities — specifically through 28 U.S.C. § 1927, the Court's inherent authority, and Federal Rule of Civil Procedure 11.  (Doc. #116, pp. 6-7.)  Plaintiff asserts that her actions in this case reflect "active litigation, not abuse" as she has "amended her complaint within the scheduling order, filed discovery motions permitted by the Federal Rules, and responded to Court directives."  (Doc. #120, pp. 1-2.)

In support of the motion, Defendants highlight Plaintiff's actions both in state and federal court.  Defendants allege that Plaintiff filed two lawsuits in state court regarding the same subject matter and has been deemed a vexatious litigant under Florida Statutes Section 68.093.  (Doc. #116, p. 3.)  In the order declaring Plaintiff a vexatious litigant Judge Brown noted Plaintiff had sent hundreds of emails to the state court and judicial assistant, sent hundred of emails to defense counsel and their staff, filed repetitive and unmeritorious pleadings, willfully failed to comply with state court orders, etc.  (Id. at pp. 3-4.)  Further, Plaintiff has sent hundreds of "bad-faith emails" to the Defendants and filed "voluminous . . . unmeritorious pleadings."  (Id. at p. 4.)

-3-

Defendants first seek sanctions under 28 U.S.C. § 1927. The statute provides "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The plain language of the statute refers strictly to any attorney or other person admitted to conduct cases, not *pro se* litigants. See Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds by* Bridge v. Poenix Bond & Indem. Co., 553 U.S. 639 (2008). As such, the Court declines to impose sanctions under 28 U.S.C. § 1927.

Defendants next seek sanctions under the inherent powers of the Court. Federal courts have both the inherent and the constitutional obligation to protect their jurisdiction from conduct that impairs its ability to carry out its functions. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986)(per curiam)(citing In re Martin-Trigona, 737 F.2d 1254, 1261-62 (2d Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986)). However, a court may not completely foreclose the litigant from any access to the court. Id. Prior to imposing a sanction under a courts inherent power, the court must find bad faith. See In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008).

-4-

In this case, the only action by Plaintiff that may warrant sanctions has previously been addressed by the Court. (See Doc. #112.) The Court noted that any further misrepresentations to the Court would likely warrant sanctions, however, Defendants have made no showing. Although Defendants argue Plaintiff's unmeritorious filings justify sanctions, the Court has not noted that any filings were frivolous, but rather denied them on the merits, for failure to follow the Local Rules, or as premature. (See Docs. ## 35, 41, 62, 106, 114.) Further, while Defendants characterize Plaintiff's communication as being made in bad-faith, the emails in connection with this case are not so egregious as to warrant sanctions. Some emails relate to the state proceeding and others relate to discussing potential filings — as required by the Local Rules. (Doc. #116-3, pp. 2, 4, 18, 20.) The actions may be irksome but are not currently vexatious.

Finally, the Court will not impose sanctions pursuant to Federal Rules of Civil Procedure Rule 11 because it would be procedurally improper. First, Rule 11 requires that a motions for sanctions be filed "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Second, "the motion must be served under Rule 5, but it must not be filed or be presented to the court" if the issue "is withdrawn or appropriately corrected within 21 days after service. . .." Id. Here, the motion was made alongside a motion

for judicial notice and Defendants made no showing that the safe harbor provision was followed.  Accordingly, the Court cannot issue sanctions pursuant to Rule 11.  Id.

For the reasons set forth in this order, the motion will be granted in part and denied in part.

Accordingly, it is now

**ORDERED:**

(1)   Defendants' (Second) Joint Motion for Judicial Notice of State Court Order and to Declare Plaintiff a Vexatious Litigant (Doc. #116) is **GRANTED in part and DENIED in part** as follows:

a.   The Court takes judicial notice of the existence of the Order of Civil Contempt;

b.   The Court will not declare Plaintiff a vexatious litigant nor will the Court impose sanctions at this time.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-6-