**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MARGARET MARCELUS BENS,

Plaintiff,

v. Case No. 2:25-cv-602-KCD-KRH

BRYTEN REAL ESTATE PARTNERS, LLC and COLLIER COUNTY HOUSING AUTHORITY,

Defendants.
_____________________________/

**ORDER**

At issue is Defendants' Joint Motion to Stay Discovery. (Doc. 162). Defendants seek a stay of discovery pending a ruling on their Motions to Dismiss. (Docs. 127; 128). As it relates to that stay, Plaintiff filed a Response in Opposition. (Doc. 165). Also concerning this dispute are Plaintiff's furious filings, most of which relate to discovery. (Docs. 137; 148; 149; 150; 151; 163; 164; 166; 167; 168; 169). And one Defendant sought sanctions for fraud on the Court. (Doc. 139).

A review of the record makes clear that the Court must exercise its discretion to stay discovery at this time. So the Motion to Stay is granted. All discovery is stayed. And all pending Motions (other than Motions to Dismiss) are denied as moot. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other

litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.").[1]

With its obligations under Rule 1 in mind, however, the Court goes one step further. *See* Fed. R. Civ. P. 1 (The Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."). The Court stays this entire case pending a ruling on Defendants' Motions to Dismiss. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). If Plaintiff chooses, she may object to the rulings in this Order, to which the parties could file appropriate papers. *See* Fed. R. Civ. P. 72(a). Otherwise, the parties should not continue filing papers on this docket until the Court decides whether the action survives Rule 12(b). Before any further litigation occurs, the Court must decide whether the action will proceed.

Federal courts have broad discretion over how to manage their dockets. *E.g.*, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). One tool in a judge's kit is staying discovery. Fed. R. Civ. P. 26(c); *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 10 (E.D.N.Y. 2024). Another is staying the entire case outright. *Clinton*, 520 U.S. at 706-07.

"A stay of discovery is appropriate where the movant shows good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In

---

[1] For what it's worth, Plaintiff's filings in this case violate Local Rule 1.08(a). They appear to be AI-generated documents that fail to comply with the Court's specific typography requirement—effectively doubling their length in violation of Local Rule 3.01(b). The Court alternatively denies all of Plaintiff's current Motions for these consistent failures.

deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* "This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted). So courts often take a "preliminary peek" at the dispositive motion to gauge whether it might truly dispose of the case. *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1078 (M.D. Fla. 2014).

Based on a preliminary review—but without deciding the issues—the undersigned finds that Defendants' Motions to Dismiss appear meritorious and dispositive. *See id.* This is now Plaintiff's fourth iterative pleading. While the theories continue shifting, the undersigned does not believe that Plaintiff is any closer to clearing *Twiqbal*. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").

With that matter addressed, the inquiry turns to the other considerations.

"Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery." Middle District Discovery (2021) at Section I.E.4. But "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id.*

A case stay cannot be "immoderate" or for "an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (citation

omitted). That said, a federal judge possesses the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *Id.* (citation omitted).

This matter presents a prime example of when it is appropriate to stay discovery, along with the broader case. Defendants are right. The docket is clogged with numerous discovery disputes, improper notices, mislabeled emergency filings, and other miscellaneous fights. To be sure, these problems have persisted during this case; but they appear to be getting worse. Despite remaining in preliminary stages, the parties and Court devoted many work hours to this case. While all this is happening, the Court has dismissed Plaintiff's pleadings several times. It remains unclear whether any discovery will even be necessary.

On this record, it is obvious that the parties are incurring significant expenses in litigating this case. And Plaintiff is intent to go full steam ahead with extensive discovery on ever-changing claims. Yet all this frantic litigation may be for naught if Defendants' Motions to Dismiss are successful.

Even when Defendants tried to cooperate, Plaintiff still sought to impose additional burden and expense. For instance, Defendants apparently produced a ".pst" file in discovery. (Doc. 165 at 4). These are Outlook files. As it relates to things like email production, PST files are basically the gold standard of discovery. These documents are the actual native Outlook files as they are normally kept; so too are the files easily viewable and searchable in Outlook (or any legal doc review software). With this production, Defendants seemingly did what the Court expects

of ESI discovery. Middle District Discovery (2021) at Section VIII.D.4. But Plaintiff wants Defendants to spend more time and money reproducing that discovery in a PDF format.

As all these costs and expenses compound for Defendants, there is little on Plaintiff's side to outweigh a stay. Should the case proceed past the pleadings, the Court can just enter an amended scheduling order to allow time for any needed discovery. This eliminates any slight prejudice to Plaintiff from delay.

At bottom, continuing discovery and litigation with the pleadings unresolved imposes significant prejudice and burden on Defendants. A stay only imposes a slight, remediable burden on Plaintiff. And the interests of justice strongly favor a stay. So the Court will exercise its broad discretion to stay this case—including all discovery—until there is a ruling on Defendants' Motions to Dismiss. All pending matters other than dispositive motions are denied as moot.

**ORDERED**:

1. Defendants' Joint Motion to Stay Discovery (Doc. 162) is **GRANTED**.

   a. Discovery in this case is **STAYED** until the Court resolves Defendants' Motions to Dismiss (Docs. 127; 128).

   b. Apart from resolving Defendants' Motions to Dismiss or any objections to this Order, this entire case is **STAYED** until dispositive motions practice concludes.

   c. The Clerk is **DIRECTED** to add a stay flag to the docket.

2. As a result, Plaintiff's various Motions are **DENIED as moot**. (Docs.

137; 148; 149; 150; 151; 163; 164; 166; 167; 168; 169). Defendant's Motion for Further Fraud on the Court (Doc. 139) is **DENIED as moot**.

In Fort Myers, Florida, on July 21, 2026.

Kevin R. Huguelet
United States Magistrate Judge