UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET MARCELUS BENS,

Plaintiff,

v. Case No: 2:25-cv-602-KCD-KRH

BRYTEN REAL ESTATE PARTNERS, LLC, and COLLIER COUNTY HOUSING AUTHORITY,

Defendants.

---

**ORDER**

Plaintiff Margaret Marcelus Bens brings this action against her landlord, Bryten Real Estate Partners, LLC, and the government administrator of her housing voucher, the Collier County Housing Authority ("CCHA"). Her story goes like this: After Bryten demanded rent she did not owe under her voucher arrangement, she pushed back. Bryten responded by serving a three-day notice and moving to evict her. Bens says that eviction action amounts to unlawful retaliation under the Fair Housing Act. And when she asked CCHA to transfer her voucher elsewhere so she could move, the agency denied her request without providing a written decision or a hearing.

That, she argues, deprived her of procedural due process under 42 U.S.C. § 1983. (*See* Doc. 126.)[1]

Defendants now move to dismiss the complaint. Bryten argues that this landlord-tenant billing dispute does not implicate the Fair Housing Act. (Doc. 128.) And CCHA, for its part, contends that Bens has failed to identify a municipal policy responsible for her alleged injury, nor has she established a constitutionally protected property interest in porting her voucher. (Doc. 127.) Defendants have the better of the argument. To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Bens' allegations fall short of that standard, the Court **GRANTS** the motions to dismiss.

## I. Background

Bens participated in the federal Housing Choice Voucher Program—known as Section 8—administered by CCHA. (Doc. 126 ¶ 4.) The agency approved her tenancy at a property managed by Bryten. According to CCHA's paperwork, Bens' out-of-pocket rental obligation was set to zero, effective April 1, 2024. (*Id.* ¶ 6). And for the next five months, CCHA paid Bryten the full contract rent through Housing Assistance Payments. (*Id.* ¶ 7.)

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

Then came the surprise. On September 10, 2024, Bryten served Bens with a statutory three-day eviction notice. (*Id.* ¶ 13.) The notice demanded back rent from May 2024—the very months covered by CCHA's payments. (*Id.* ¶¶ 9-10.) Bryten had never warned Bens in writing about any rent increase before issuing the notice. (*Id.* ¶ 8.) When Bens disputed the sudden charges, Bryten initiated an eviction lawsuit that remains pending. (*Id.* ¶¶ 12, 16.)

Looking for a way out, Bens asked CCHA for an emergency transfer, hoping to port her voucher to a new landlord. (*Id.* ¶ 17.) But CCHA effectively denied the request without issuing a written decision, offering an informal review, or providing a hearing. (*Id.* ¶¶ 18-20.) As a result, Bens was stopped from exercising her voucher mobility. (*Id.* ¶ 18.)

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The question at this stage is not whether the plaintiff will ultimately win, but simply whether the complaint can proceed into discovery.

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). That benefit of the doubt, however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not unlock the courthouse doors. *Id.* In short, the plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law. *See, e.g.*, *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

"We use a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny." *Caterpillar Fin. Services Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346–47 (11th Cir. 2025). "At the outset, we determine what must be pled for each cause of action. . . . Then, we consider the well-pleaded factual allegations . . . to determine whether they plausibly suggest an entitlement to relief." *Id.*

## III. Discussion

In her latest complaint, Bens presses two claims: (1) retaliation under the Fair Housing Act against Bryten; and (2) violation of Procedural Due

Process pursuant to 42 U.S.C. § 1983 against CCHA. The Court addresses each count in turn.

**a. Fair Housing Act**

Bryten argues Bens fails to state retaliation claim because she does not allege any rights protected by the Fair Housing Act, nor is her allegation of temporal proximity sufficient to support a reasonable inference of retaliation.[2] (Doc. 128 at 8-18.) Bens contends she engaged in protected activity by asserting her rent obligations were governed by Section 8 and adequately alleges causation because Bryten only initiated the eviction proceeding after she disputed the rent calculations. (Doc. 134 at 6, 8.) The Court agrees with Bryten.

The Fair Housing Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Such rights guaranteed under the Fair Housing Act, however,

---

[2] Bryten also seeks dismissal because Bens failed to attach the underlying housing documents that form the basis of her claims. (Doc. 128 at 18.) That argument seems to borrow from Florida state practice. *See, e.g.*, *Robert J. Hanopole, D.C., P.A. v. State Farm Mut. Auto. Ins. Co.*, 345 So. 3d 303, 307 (Fla. Dist. Ct. App. 2022). But we are in federal court, and the Federal Rules of Civil Procedure have no such counterpart. Rule 10(c) *permits* a party to attach a written instrument as an exhibit—in which case it becomes part of the pleadings. It does not *require* anyone to do so. *See TaiDoc Tech. Corp. v. Pharma Supply, Inc.*, No. 13-80682-CIV, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013).

are limited to protecting against discrimination because of race, color, religion, sex, familial status, handicap, or national origin. *Id.* § 3604.

To state a retaliation claim, a plaintiff must show: "(1)[s]he engaged in a protected activity; (2) the defendant subjected h[er] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *See Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015). "A plaintiff engages in statutorily protected activity when . . . she protests . . . conduct which is actually lawful, so long as . . . she demonstrates a good faith, reasonable belief that the [conduct engaged in] was . . . unlawful[.]" *Id.* at 644-45. Such belief must be objectively reasonable. *Id.* at 645.

Here, Bens does not allege facts showing an objectively reasonable belief that Bryten's conduct was unlawful under the Fair Housing Act. While Bens argues exercising her Section 8 rights is protected activity, this conflates rights under Section 8 with rights under the Fair Housing Act. The Fair Housing Act and Section 8 are entirely different statutory frameworks. Where the Fair Housing Act prohibits discrimination based on enumerated protected characteristics, Section 8 aids low-income families, elderly persons, veterans, and disabled individuals afford housing in the private market. Bens presents no allegations relating to protesting unlawful conduct under the Fair Housing

Act—*e.g.*, filing a complaint with the United States Housing and Urban Development after a landlord refused to rent property because of the individual's race. *See Philippeaux*, 598 F. App'x at 644-45. Without these factual allegations, Bens fails to state a claim for retaliation. *See, e.g.*, *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 722 (11th Cir. 1991) (finding the plaintiff stated a retaliation claim when the defendant sought to prevent a home sale to a minority purchaser); *Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1042–43 (11th Cir. 2025) (finding the plaintiff stated a retaliation claim where the HOA restricted access to basketball courts because of race).

Given Bens' theory for retaliation relies upon a flawed application of the Fair Housing Act— *i.e.*, that it protects Section 8 tenants as a class—as well as the Court's previous warning (Doc. 115), there is no good cause to permit Bens leave to amend. Therefore, Bryten's motion to dismiss Count I will be granted with prejudice.

**b. § 1983 Claim**

CCHA argues that Bens' § 1983 claim fails on two fronts: she has not identified an official municipal policy or custom that caused her injury, nor has she established a constitutionally protected property interest in porting her housing voucher. (Doc. 127 at 5–12.)

CCHA is right on both counts. In response, Bens offers little in the way of substantive legal argument. Instead, she largely recycles the facts from her complaint, while tossing in a few new ones. Most notably, she points the finger at CCHA director Angela Edison—a name that appears nowhere in her actual pleading. (Doc. 129 at 2.) But a plaintiff cannot amend her complaint through a brief opposing a motion to dismiss. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015). We must therefore ignore the new allegations.

Stripped of those improper additions, Bens fails to allege either a constitutional violation or an official policy or custom sufficient to trigger municipal liability against CCHA. To maintain a procedural due process claim under § 1983, a plaintiff must show: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

A municipality like CCHA cannot be held vicariously liable for the constitutional violations of its employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The government as an entity may be responsible, however, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. To impose such liability,

a plaintiff must show that: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *See Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021).

Liability may be based on an official policy or "a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Khoury v. Miami-Dade Cnty. Sch. Bd.*, 4 F.4th 1118, 1131 (11th Cir. 2021). "A policy is a decision that is officially adopted by the municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality," while a "custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007).

First, Bens failed to plausibly claim a constitutional violation. She only alleges: (1) she requested an emergency transfer and/or portability of her voucher; and (2) CCHA denied or effectively refused to approve her portability request without notice of informal review, hearing rights, or a written determination. (Doc. 126 ¶¶ 18-20.) These allegations show a lack of notice and opportunity to be heard but fail to show a constitutionally protected interest in porting her voucher. *See Grayden*, 345 F.3d at 1232. While Bens has a

constitutionally-protected property interest in her continued access to the vouchers, she has failed to allege—with adequate factual support—that she was entitled to port her vouchers to another housing accommodation. *See id.*; 24 C.F.R. § 982.353 (addressing the requirements to port vouchers where a tenant is moving to a unit outside the initial Public Housing Authority jurisdiction). Without a showing that she has some constitutionally-protected property interest, there can be no claim.

Further, even if Bens established a constitutional violation, she failed to show any official policy or custom. Bens only alleged that "[u]pon information and belief, CCHA's failure to provide written determinations or hearing rights in portability decisions was undertaken pursuant to official policy or established administrative practice." (Doc. 126 at ¶ 35.) This conclusory allegation is insufficient to prove the existence of an official policy. *See Twombly*, 550 U.S. at 544.

Bens fares no better in her allegations concerning CCHA's custom of denying voucher portability without due process. Bens only alleges her own experience with CCHA in how they "denied or effectively refused to approve [her] emergency transfer and/or portability request" without "notice of informal review or hearing rights" and without any written determination. (Doc. 126 ¶¶ 18–20.) Allegations limited to her personal experience are

insufficient to show the unwritten practice is "applied consistently enough to have the same effect as a policy with the force of law." *See Goebert*, 510 F.3d at 1332; *see also Craig v. Floyd Cnty.*, 643 F.3d 1306, 1311 (11th Cir. 2011) (stating that a "single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality"); *City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985) (requiring "considerably more proof than [a] single incident"). Without such allegations, Count II fails to state a claim.

Given the Court's previous warning (Doc. 115) as well as Bens' continued failure to state a claim under the same underlying series of events, she will not be given leave to amend. Therefore, CCHA's motion to dismiss Count II will be granted with prejudice.

Accordingly, it is **ORDERED:**

(1) Defendant Collier County Housing Authority's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 127) is **GRANTED.**

(2) Defendant Bryten Real Estate Partners, LLC's Motion to Dismiss Plaintiff's Fourth Amended Complaint with Prejudice (Doc. 128) is **GRANTED.**

(3) Counts I and II are **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment accordingly, denying all pending motions, and close the file.

**ENTERED** in Fort Myers, Florida, on August 11, 2026.

Kyle C. Dudek
United States District Judge