UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET MARCELUS BENS,

Plaintiff,

v. Case No: 2:25-cv-602-KCD-KRH

BRYTEN REAL ESTATE PARTNERS, LLC, and COLLIER COUNTY HOUSING AUTHORITY,

Defendants.

---

**ORDER**

Plaintiff Margaret Marcelus Bens sued her landlord, Bryten Real Estate Partners, LLC, and the government administrator of her housing voucher, the Collier County Housing Authority ("CCHA"). The Court recently dismissed her complaint because it failed to state a cognizable claim. (Doc. 176.) She now wants a do-over. She argues the Court committed a manifest error by concluding her claims were futile and points to ongoing housing emergencies and continuing state-court consequences as new evidence. (Docs. 179, 180, 181.)

Federal district courts are busy places, and the rules of civil procedure reflect a basic truth: litigation must eventually end. That is why a motion to alter the judgment under Fed. R. Civ. P. 59(e), like Plaintiff brings here, is an "extraordinary remedy." *Page v. Comm'r of Soc. Sec.*, No. 6:21-CV-258-LHP, 2024 WL 414618, at *3 (M.D. Fla. Feb. 5, 2024). Rule 59(e) is not a mechanism to re-argue issues already put to bed, and it does not allow a party to unveil new theories that could have been argued before. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). To merit relief, a movant must show "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Garcia v. Casey*, 440 F. Supp. 3d 1282, 1284 (N.D. Ala. 2020).

Plaintiff uses her current motions to do exactly what Rule 59(e) forbids. She is trying to repackage arguments already made—or certainly could have made—during her four previous attempts to draft a viable complaint. And to the extent she disagrees with the Court's decision to close the door on further amendments, that disagreement does not justify reopening the case. The Court has already explained exactly why her claims fail as a matter of law and why a fifth bite at the apple would be futile. A motion for reconsideration is not an appeal—it is not a venue for a disappointed litigant to express her dissatisfaction with a ruling or to ask the court to rethink what it has already

thought through. *See Jacobs v. Tempura-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Because nothing Plaintiff presents now exposes any manifest error in the Court's prior decision, the judgment must stand. Her motions (Docs. 179, 180, 181) are **DENIED**.

**ORDERED** in Fort Myers, Florida, on August 24, 2026.

Kyle C. Dudek
United States District Judge